IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.:

CENTURY SURETY COMPANY,

Plaintiff,

v.

RADIANT ASSET MANAGEMENT, INC.,
and KENTWAN WIMBUSH,

Defendants.
_____/

**COMPLAINT FOR DECLARATORY RELIEF**

COMES NOW the Plaintiff, CENTURY SURETY COMPANY ("Century"), by and through its undersigned counsel, pursuant to 28 U.S.C. §§ 2201 and 1332, and files this action for declaratory relief, and states as follows:

**Jurisdiction**

1.  This is an action for declaratory relief pursuant to 28 U.S.C. § 2201.

2.  In this action, Century seeks a declaration of its rights and obligations under a commercial lines liability insurance policy issued to RADIANT ASSET MANAGEMENT, INC., ("Radiant") with respect to certain bodily injury claims asserted by KENTWAN WIMBUSH ("Mr. Wimbush") arising out of a shooting incident that occurred on March 9, 2021.

3.  Specifically, Century seeks a declaration that it has no duty to defend or indemnify Radiant in connection with the bodily injury claims asserted by Mr. Wimbush.

4. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332, because the parties are of diverse citizenship, and the amount in controversy exceeds $75,000.00, exclusive of interest, costs and attorney's fees.

5. All conditions precedent to the filing of this action have occurred, been performed, or have been waived.

## Venue

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Defendant Radiant maintains its principal place of business in this judicial district and a substantial part of the events or omissions giving rise to this action occurred in this judicial district.

## Parties

7. Plaintiff Century is an insurance company incorporated in the State of Ohio with its principal place of business in the State of Michigan. Accordingly, Century is a citizen of both Ohio and Michigan.

8. Defendant Radiant is a Florida corporation with its principal place of business in Largo, Pinellas County, Florida. Accordingly, Radiant is a citizen of Florida.

9. Defendant Mr. Wimbush resides in and is domiciled in Tampa, Hillsborough County, Florida. Accordingly, he is a citizen of Florida.

## General Allegations

10. Century issued Commercial Lines Policy number CCP 943696 to Radiant Asset Management, Inc. effective January 29, 2021 to January 29, 2022. ("the Policy") The Policy is subject to a liability coverage limit of $1,000,000 for each occurrence and $2,000,000 in the aggregate, a $5,000 Medical Expense Limit and a $500 Bodily Injury Liability and Property Damage Liability combined deductible. *See Century Policy attached* as *Exhibit "1."*

11. The claims at issue arise out of a shooting incident that occurred on March 9, 2021 at an apartment complex located at or near 6704 Shadeville Lane, Tampa, FL 33610 ("the Property"), which allegedly resulted in injuries Mr. Wimbush.

12. At the time of the incident at issue, the Property where the incident occurred was owned by Rivox, LLC.

13. At the time of the incident at issue, the Property where the incident occurred was managed by Radiant.

14. Mr. Wimbush has filed suit in the Thirteenth Judicial Circuit Court in Hillsborough County, Florida ("the Underlying Action") alleging that he was shot multiple times in his torso by unknown gunmen after exiting his apartment at the Property. *See Underlying Action Amended Complaint attached as Exhibit "2."*

15. Mr. Wimbush alleges that he suffered serious injuries in and about his body and extremities as a result of the shooting. Upon information and belief, Mr. Wimbush is seeking to recover damages in excess of $75,000 in the Underlying Action.

16. In the Amended Complaint filed in the Underlying Action, Mr. Wimbush alleges that Radiant acted negligently by failing to provide a safe environment, failing to provide reasonable security, and failing to take precautions and/or warn invitees of dangers at the Property.

17. Century is currently investigating the claims asserted against Radiant subject to a full reservation of rights. *See Reservation of Rights Letter attached as Exhibit "3."*

18. The Century Policy contains the following pertinent terms, exclusions and definitions:

**SECTION I – COVERAGES**

**COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1. **Insuring Agreement**

    a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

    (1) The amount we will pay for damages is limited as described in Section **III** – Limits Of Insurance; and

    (2) Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C.**

* * *

**COVERAGE C – MEDICAL PAYMENTS**

1. **Insuring Agreement**

    a. We will pay medical expenses as described below for "bodily injury" caused by an accident:

    (1) On premises you own or rent;

    (2) On ways next to premises you own or rent; or

    (3) Because of your operations;

    provided that:

    (a) The accident takes place in the "coverage territory" and during the policy period;

    (b) The expenses are incurred and reported to us within one year of the date of the accident; and

    (c) The injured person submits to examination, at our expense, by physicians of our choice as often as we reasonably require.

    b. We will make these payments regardless of fault. These payments will not exceed the applicable limit of insurance. We will pay reasonable expenses for:

    (1) First aid administered at the time of an accident;

    (2) Necessary medical, surgical, X-ray and dental services, including prosthetic devices; and

    (3) Necessary ambulance, hospital, professional nursing and funeral services.

* * *

**SECTION V – DEFINITIONS**

3."Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

* * *

13."Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

* * *

**CONDITIONAL COVERAGE – REAL ESTATE PROPERTY MANAGED**

The following condition is added to Section **IV** – Commercial General Liability Conditions.

**Real Estate Property Managed**

As a condition of coverage:

**(1)** You obtain from the property owner, at the time the property management commences, a valid certificate (or certificates) of insurance evidencing "occurrence"-based Commercial General Liability Coverage for ongoing operations and "products-completed operations hazards" for the property management performed by you and you keep such certificate(s) of insurance on file; and

**(2)** Upon renewal or replacement of the property owner's insurance policy, you receive from the property owner a new valid certificate (or certificates) of insurance evidencing "occurrence"-based Commercial General Liability Coverage for ongoing operations and "products-completed operations hazards" for the property management performed by you and you keep such certificate(s) on file; and

**(3)** You provide such certificate(s) of insurance to us upon our request; and

**(4)** The insurance shown on the certificate(s) of insurance was written with an insurance company rated A- or better by A.M. Best at the time of certificate issuance; and

**(5)** The Limits on the certificate(s) are equal to or greater than $1,000,000 Each Occurrence Limit, $2,000,000 General Aggregate Limit (Other than Products-Completed Operations), and $1,000,000 Products-Completed Operations Aggregate Limit; and

**(6)** You are an insured or an additional insured on the property owner's policy or policies; and

**(7)** The property owner's policy has not restricted coverage for assault and battery exposures by:

**(a)** Excluding any claims arising out of or alleged to arise out of assault and battery; or

**(b)** Providing a sublimit to the Each Occurrence Limit for claims arising out of or alleged to arise out of assault and battery.

For the purposes of this endorsement, property management means managing, maintaining, operating, controlling, or overseeing any real estate not owned by the insured.

\* \* \*

19. On or about December 5, 2022, Admiral filed a Complaint for Declaratory Judgment in Circuit Court in Hillsborough County, Florida, (Case No. 22-CA-010079) seeking a declaration that its policy does not provide any coverage for the claims asserted against Rivox or Radiant. *See Admiral Complaint for Declaratory Judgment attached as Composite Exhibit "4."*

20. Specifically, Admiral contends that its Policy contains an Assault or Battery Exclusion pursuant to which coverage is excluded for any injury caused by the actual, alleged, or

threatened assault or battery by anyone of any person if in any way connected with the operations of any insured. *See Composite Exhibit "4."*

21. Admiral seeks a declaration that the Assault or Battery Exclusion in the Admiral policy issued to Rivox, LLC completely bars coverage for the claims asserted against Radiant in the Underlying Action. *See Composite Exhibit "4."*

### Insurance Coverage Dispute

22. Century brings this action to obtain a judgment declaring that it has no duty to defend or indemnify its insured, Radiant, with respect to the bodily injury claims asserted by Mr. Wimbush.

23. There exists a bona fide actual present and practical need for the declaration of coverage available under the Policy and the rights and obligations of Century pursuant thereto.

24. There exists a present ascertained or ascertainable state of facts or present controversy as to a state of facts concerning the rights and obligations of Century under the Policy.

25. The rights of Century under the Policy are dependent upon the facts and the law applicable to the facts affecting coverage under the Policy.

26. Plaintiff and Defendants have an actual, present, adverse and antagonistic interest in the subject matter described herein.

27. All proper and present antagonistic or adverse interests are before the Court by proper process.

28. All conditions precedent to the initiation and maintenance of this action have been complied with, have occurred or have been waived.

## COUNT I
## The Policy's Real Estate Property Managed Conditional Coverage Endorsement

29. Century re-alleges and re-incorporates the allegations contained in Paragraphs 1 through 30 above, as is fully set forth herein.

30. The Policy's Real Estate Property Managed Conditional Coverage Endorsement ("the Conditional Coverage Endorsement") imposed certain conditions of coverage for property management activities, which are defined as managing, maintaining, operating, controlling, or overseeing any real estate not owned by the insured, Radiant.

31. Radiant engaged in property management activities with respect to the subject Property owned by Rivox.

32. The Conditional Coverage Endorsement required Radiant to obtain from the property owner a valid certificate of insurance evidencing "occurrence"-based Commercial General Liability Coverage for ongoing operations and "products-completed operations hazards" providing coverage for the property management activities performed by Radiant.

33. The Conditional Coverage Endorsement required that the aforementioned certificate(s) of insurance reflect insurance written with an insurance company rated A- or better by A.M. Best and reflect limits of coverage equal to or greater than $1,000,000 per occurrence, $2,000,000 general aggregate, and $1,000,000 products-completed operations aggregate.

34. The Conditional Coverage Endorsement required Radiant to provide the aforementioned certificates of insurance to Century upon request.

35. The Conditional Coverage Endorsement required Radiant to be named as an insured or an additional insured on Rivox's liability policy.

36. The Conditional Coverage Endorsement expressly prohibited Rivox's liability policy from restricting coverage for assault and battery exposures by excluding any claims arising out of or alleged to arise out of assault and battery.

37. Radiant has failed to comply with the requirements imposed by the Conditional Coverage Endorsement, all of which are conditions precedent to coverage.

38. Specifically, Radiant failed to secure the required coverage as an insured or an additional insured under the property owner's policy because Rivox's liability policy expressly excludes claims arising out of assault and/or battery.

39. Accordingly, Century is entitled to a judgment in its favor declaring that there is no coverage available under the Policy for the bodily injury claims asserted by Mr. Wimbush.

**WHEREFORE**, Century respectfully requests that this Court:

a) determine and adjudicate the rights and liabilities of the parties hereto with respect to the Policy;

b) find and declare that Century has no duty to defend or indemnify Radiant with respect to the bodily injury claims asserted by Mr. Wimbush; and

c) award Century its taxable costs incurred in prosecuting this declaratory action and grant such other and further relief as it deems proper under the circumstances.

Respectfully submitted,

BUTLER WEIHMULLER KATZ CRAIG LLP

s/Kimberly N. Ramey
KIMBERLY N. RAMEY, ESQ.
Florida Bar No.: 0044033
kramey@butler.legal
Secondary:  dabramson@butler.legal;
 vturner@butler.legal

400 N. Ashley Drive, Suite 2300
Tampa, Florida 33602
Telephone: (813) 281-1900
Facsimile: (813) 281-0900
*Attorney for Plaintiff, Century Surety Company*