IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.:  8:23-cv-00202

CENTURY SURETY COMPANY,

Plaintiff,

v.

RADIANT ASSET MANAGEMENT, INC.,
and KENTWAN WIMBUSH,

Defendants.
_____/

## PLAINTIFF'S MOTION FOR FINAL DEFAULT JUDGMENT

Plaintiff, CENTURY SURETY COMPANY, ("Century") by and through its undersigned counsel and in accordance with Rule 55(b) of the Federal Rules of Civil Procedure, hereby moves this Honorable Court for the entry of a Final Default Judgment against Defendants, RADIANT ASSET MANAGEMENT, INC. and KENTWAN WIMBUSH, and as grounds therefore states:

### I.     Factual Background

1. This is an action for declaratory relief involving a commercial lines liability insurance policy Commercial Lines Policy number CCP 943696 to ("the Policy")  issued to RADIANT ASSET MANAGEMENT, INC., ("Radiant") with effective dates January 29, 2021 to January 29, 2022.  (D.E. 1).

2. In its Complaint, Century seeks a declaration regarding its rights and obligations with respect to certain bodily injury claims asserted by KENTWAN WIMBUSH ("Mr. Wimbush") arising out of a shooting incident that occurred on March 9, 2021.   These bodily

injury claims are the subject of a lawsuit pending in the Thirteenth Judicial Circuit Court in Hillsborough County, Florida, Case Number 21-CA-010218 ("the Underlying Action"). (D.E. 1 at ¶14).

3. Century's named insured, Radiant, engaged in property management activities with respect to the subject Property owned by Rivox. (D.E. 1 at ¶31).

4. The Policy's Real Estate Property Managed Conditional Coverage Endorsement ("the Conditional Coverage Endorsement") imposed certain conditions of coverage for any property management activities conducted by Radiant with respect to any real estate not owned by Radiant. (D.E. 1 at ¶30).

5. The Policy's Real Estate Property Managed Conditional Coverage Endorsement Conditional Coverage Endorsement required Radiant to:

  a. Obtain from the property owner a valid certificate of insurance evidencing "occurrence"-based Commercial General Liability Coverage for ongoing operations and "products-completed operations hazards" providing coverage for the property management activities performed by Radiant.

  b. Be named as an insured or an additional insured on the property owner's liability policy.

  c. Ensure that the property owner's liability policy did not restrict coverage for assault and battery exposures by excluding any claims arising out of or alleged to arise out of assault and battery.

(D.E. 1 at ¶¶ 32-36).

6. Radiant has failed to comply with the requirements imposed by the Conditional Coverage Endorsement, all of which are conditions precedent to coverage. Specifically, Radiant

failed to secure the required coverage as an insured or an additional insured under the property owner's policy because the property owner's liability policy expressly excludes claims arising out of assault and/or battery.  (D.E. 1 at ¶¶ 37-38)

7.     On March 2, 2023 and April 28, 2023, the Clerk entered a default against each defendant in this action pursuant to Fed. R. Civ. P. 55(a). (D.E. 10 and D.E. 14).  Therefore, the Defendants have admitted all of the well-plead facts alleged in the Complaint.  In doing so, they have admitted that Century is entitled to a judgment in its favor declaring that there is no coverage available under the Policy for the bodily injury claims asserted by Mr. Wimbush. (D.E. 1 at ¶ 39).

**II.     Memorandum of Law**

Obtaining a default judgment is a two-step process, requiring the entry of a default before a default judgment can be entered. *See St. Michael Pres Publishing Co., Inc. v. One Unknown Wreck Believed to be the Archangel Michael*, 2013 WL 12171816, at *1 (S.D. Fla. 2013) (noting further that the entry of default judgment is not automatic, and a court "must satisfy itself as to its authority to enter a final judgment against an absent defendant").  Following the entry of a default under Rule 55(a), Federal Rules of Civil Procedure, a defendant is deemed to admit a plaintiff's well-pleaded allegations of fact. *Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007) ("[E]ntry of a default judgment is only warranted where a sufficient basis exists in the pleadings for the judgment entered"); *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009).

Courts assess pleadings in conjunction with a default judgment by a standard "akin to that necessary to survive a motion to dismiss for failure to state a claim." *Progressive Express Ins. Co. v. Candelas*, 2020 WL 6049374, at *4 (M.D. Fla. 2020) (*citing Surtain v. Hamlin Terrace*

*Found.*, 789 F.3d 1239, 1244 (11th Cir. 2015)). Therefore, it is appropriate for a court to enter a default judgment where a pleading contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Here, Century's Complaint contains sufficient factual allegations establishing that Century is entitled to the relief requested. An actual, justiciable controversy exists because Century is in doubt regarding its rights and obligations pursuant to the liability insurance policy it issued to Radiant. *Garden Aire Vill. S. Condo. Ass'n Inc. v. QBE Ins. Corp.*, 774 F. Supp. 2d 1224, 1227 (S.D. Fla. 2011); *see also Maryland Cas. Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270 (1941) (finding a liability insurer's complaint for a declaratory judgment that it was not liable to defend or indemnify the insured related to the claims against the insured by injured parties presented an "actual controversy," as to the insured and the injured parties).

As outlined above, Century has properly pled the facts that form the basis of the controversy between the parties. By defaulting, the defendants have admitted that Radiant failed to comply with the necessary conditions precedent to coverage under the Policy. As a result of Radiant's failure to comply with the conditions of coverage outlined in the Policy, Century is entitled to judgment in its favor declaring that there is no coverage available under the Policy. *See Certain Interested Underwriters at Lloyd's, London Subscribing to Certificate of Ins. No. 9214 v. Halikoytakis*, 444 Fed. Appx. 328 (11th Cir. 2011) (insured's failure to comply with the terms of the policy's Independent Contractors Special Condition by failing to be named as an additional insured on its contractor's liability policy results in a complete loss of coverage and summary judgment is appropriate in favor of the insurer); *Meridian Const. & Dev., LLC v. Admiral Ins. Co.*, 105 F. Supp. 3d 1331 (M.D. Fla. 2013) (under Florida law, the requirements in a commercial general liability policy that the insured contractor obtain from each of its

subcontractors a certificate of insurance identifying the insured as an additional insured on the subcontractor's CGL policy and a written contract agreeing to hold the insured harmless, defend and indemnify the insured constituted conditions precedent to coverage; breach of these conditions resulted in a complete loss of coverage and compelled the entry of summary judgment in favor of the insurer).

Accordingly, it is appropriate that Final Default Judgment be entered in favor of Century for the relief requested in the Complaint. *Id.* Century seeks a final judgment declaring that it has no duty to defend or indemnify Radiant with respect to the bodily injury claims asserted in the Underlying Action because Radiant has failed to comply with the conditions of coverage imposed by the Policy's Real Estate Property Managed Conditional Coverage Endorsement.

**WHEREFORE**, Plaintiff, CENTURY SURETY COMPANY, respectfully requests the entry of a Default Final Judgment against the defendants, RADIANT ASSET MANAGEMENT, INC. and KENTWAN WIMBUSH.

Respectfully submitted,

BUTLER WEIHMULLER KATZ CRAIG LLP

s/Kimberly N. Ramey
KIMBERLY N. RAMEY, ESQ.
Florida Bar No.: 0044033
kramey@butler.legal
Secondary:   vturner@butler.legal
                    dabramson@butler.legal
400 N. Ashley Drive, Suite 2300
Tampa, Florida  33602
Telephone: (813) 281-1900
Facsimile:  (813) 281-0900
*Attorney for Plaintiff, Century Surety Company*

## **CERTIFICATE OF SERVICE**

I certify that a true and copy of the foregoing was electronically filed with the Clerk of Court and served on all counsel of record via the CM/ECF system on May 2, 2023.

s/Kimberly N. Ramey
KIMBERLY N. RAMEY, ESQ.