UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CENTURY SURETY COMPANY,

    Plaintiff,

v.                                         Case No. 8:23-cv-202-CEH-SPF

RADIANT ASSET MANAGEMENT, INC.,
and KENTWAN WIMBUSH,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff's Motion for Final Default Judgment (Doc. 15) is before the Court. In its complaint, Plaintiff Century Surety Company claims it does not have a duty to defend or indemnify its insured, Defendant Radiant Asset Management, Inc. ("Radiant"), in connection with an underlying tort case filed by Defendant Kentwan Wimbush ("Mr. Wimbush") (Doc. 1). A clerk's default was entered against Defendants (Docs. 10, 14) because they failed to answer despite having been served (Docs. 8, 11). For the reasons below, Plaintiff's motion should be GRANTED.

    I.      BACKGROUND

Plaintiff issued Radiant a Commercial Lines Policy number CCP 943696 (the "Policy"), effective January 29, 2021 to January 29, 2022 (Doc. 1, ¶ 10; Doc. 1-1). The Policy is subject to a liability coverage limit of $1,000,000 for each occurrence and $2,000,000 in the aggregate (*Id.*). On or around March 9, 2021, a shooting incident occurred at an apartment complex (the "Property"), which allegedly resulted in injuries to Mr. Wimbush (Doc. 1, ¶ 11). At the time of the incident, Radiant was responsible for managing the Property, which was

owned by Rivox, LLC ("Rivox"). As a result of the shooting incident, Mr. Wimbush filed suit against Rivox and Radiant in state court, bringing claims for negligence and negligent security (Doc. 1, ¶ 14; Doc. 1-2). Mr. Wimbush's complaint alleges that he was shot multiple times in his torso by unknown gunmen after exiting his apartment at the Property (*Id.*).

The Policy contains the following provisions relevant to this action:

**CONDITIONAL COVERAGE – REAL ESTATE PROPERTY MANAGED**

The following condition is added to Section IV – Commercial General Liability Conditions.

**Real Estate Property Managed**

As a condition of coverage:

(1) You obtain from the property owner, at the time the property management commences, a valid certificate (or certificates) of insurance evidencing "occurrence"-based Commercial General Liability Coverage for ongoing operations and "products-completed operations hazards" for the property management performed by you and you keep such certificate(s) of insurance on file; and

[. . .]

(6) You are insured or an additional insured on the property owner's policy or policies; and

(7) The property owner's policy has not restricted coverage for assault and battery exposures by:
 (a) Excluding any claims arising out of or alleged to arise out of assault and battery; or
 (b) Providing a sublimit to the Each Occurrence Limit for claims arising out of or alleged to arise out of assault and battery.

(Doc. 1-1 at 41).

On December 5, 2022, Rivox's insurer, Admiral Insurance Company ("Admiral"), filed a complaint in state court, seeking a declaratory judgment that there is no coverage for the shooting incident based on the "Assault or Battery Exclusion" in Admiral's policy (Doc.

1, ¶ 19; Doc. 1-4). Specifically, Admiral's policy provides that it does not apply to injury or damages of any kind related to "actual, alleged or threatened assault or battery by anyone of any person while on or adjacent to the premises of any insured" or the "actual, alleged or threatened assault or battery by anyone of any person if in any way connected with the operations of any insured." (Doc. 1-4).

As set forth above, a condition precedent to Plaintiff's coverage of Radiant is that Radiant be an insured or additional insured on Rivox's policy and that Rivox's policy contain no exclusions for assault and battery. Because Admiral's policy contains such an exclusion, Plaintiff seeks a declaratory judgment that it has no duty to defend or indemnify Radiant in Mr. Wimbush's lawsuit.

## II.     STANDARD OF REVIEW

Rule 55(a) of the Federal Rules of Civil Procedure states that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Once this has occurred, "the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2). A court may enter a default judgment against a party who has failed to respond to a complaint if the complaint provides a sufficient basis for the judgment. *See Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015). "A defendant, by [its] default, admits the plaintiff's well-pleaded allegations of fact" set forth in the operative complaint. *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009) (quotation omitted). If well-pleaded, liability is established by virtue of a default. *See Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987).

### III. DISCUSSION

A party seeking declaratory relief must demonstrate "at an 'irreducible minimum,' that at the time the complaint was filed, he has suffered some actual or threatened injury resulting from the defendant's conduct, that the injury fairly can be traced to the challenged action, and that the injury is likely to be redressed by favorable court disposition." *Atlanta Gas Light Co. v. Aetna Cas. & Sur. Co.*, 68 F.3d 409, 414 (11th Cir. 1995) (quoting *U.S. Fire Ins. Co. v. Caulkins Indiantown Citrus Co.*, 931 F.2d 744, 747 (11th Cir. 1991)). If the claim concerns the threat of future injury, "[t]here must be a substantial likelihood that the plaintiff will suffer [such] future injury: a 'perhaps' or 'maybe' chance is not enough." *Malowney v. Fed. Collection Deposit Grp.*, 193 F.3d 1342, 1347 (11th Cir. 1999) (citations omitted). "Federal courts long have held that an insurance company seeking determination of its liabilities under an insurance contract could utilize the Declaratory Judgment Act for such purpose." *United Specialty Ins. Co. v. Ken Creel Stucco & Stone, Inc.*, No. 8:22-cv-2635-KKM-AEP, 2023 WL 4931171, at *3 (M.D. Fla. June 28, 2023).

Plaintiff moves for final default judgment on its claim for declaratory judgment regarding its duties to defend and indemnify Radiant in the litigation filed by Mr. Wimbush (Doc. 15). "Under Florida law,[1] a court may issue a declaratory judgment as to an insurer's duty to defend and duty to indemnify." *Am. Home Assur. Co. v. Vreeland*, No. 8:05-cv-2250-T-30MSS, 2006 WL 1037111, at *1 (M.D. Fla. Apr. 19, 2006) (citing *Higgins v. State Farm Fire & Cas. Co.*, 894 So. 2d 5 (Fla. 2004)); *see also AIX Specialty Ins. Co. v. Ashland 2 Partners, LLC*,

---

[1] In a diversity case, such as this, the substantive law of the forum state applies. *S.- Owners Ins. Co. v. Easdon Rhodes & Assocs. LLC*, 872 F.3d 1161, 1164 (11th Cir. 2017); *Sphinx Int'l, Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 412 F.3d 1224, 1227 (11th Cir. 2005) (citations omitted). Accordingly, the Court looks to Florida law.

383 F. Supp. 3d 1334, 1337 (M.D. Fla. 2019) (citing *Higgins*, 894 So. 2d at 9) ("A declaratory judgment is an appropriate method for the court to determine coverage issues, including the duty to defend and indemnify.").

"An insurer's duty to defend arises from the insurance contract and policy." *Zurich Am. Ins. Co. v. Nat'l Specialty Ins. Co.*, 246 F. Supp. 3d 1347, 1355 (S.D. Fla. 2017) (citing *Allstate Ins. Co. v. RJT Enters., Inc.*, 692 So. 2d 142, 144 (Fla. 1997)). "The duty to defend, which is broader than the duty to indemnify, 'depends solely on the allegations in the complaint filed against the insured.'" *Northland Cas. Co. v. HBE Corp.*, 160 F. Supp. 2d 1348, 1360 (M.D. Fla. 2001) (quoting *Tropical Park, Inc. v. U.S. Fid. & Guar. Co.*, 357 So. 2d 253, 256 (Fla. 3d DCA 1978)). There is an exception to this principle "where an insurer's claim that there is no duty to defend is based on factual issues that would not normally be alleged in the underlying complaint." *Atl. Cas. Ins. Co. v. Neely's Grog House, Inc.*, No. 18-14277-CV, 2019 WL 13216295, at *5 (S.D. Fla. Aug. 9, 2019) (quoting *Higgins*, 894 So. 2d at 10 n.2).

An insurer's duty to indemnify, on the other hand, is narrower and "must be determined by analyzing the policy coverages in light of the actual facts in the underlying case." *Sinni v. Scottsdale Ins. Co.*, 676 F. Supp. 2d 1319, 1323 (M.D. Fla. 2010) (citation omitted). Thus, many courts have held that an insurer's duty to indemnify is not ripe until the underlying lawsuit is resolved or the insured's liability is established. *See Mid-Continent Cas. Co. v. Delacruz Drywall Plastering & Stucco, Inc.*, 766 F. App'x 768, 770 (11th Cir. 2019) (collecting cases). "The only exception to this general principle is if the court can determine that the allegations in the complaint could under no circumstances lead to a result which would trigger the duty to indemnify." *Northland Cas. Co.*, 160 F. Supp. 2d at 1360 (citations omitted). Accordingly, given that the duty to indemnify is narrower than the duty to defend,

the duty to indemnify cannot exist where no duty to defend arises. *Clarendon Nat'l Ins. Co. v. Vickers*, No. 05-60805-CIV-MORENO, 2006 WL 8434796, at *3 (S.D. Fla. May 25, 2006) (collecting cases).

Here, as a condition of coverage under the Policy, Radiant was required to be a named insured on Rivox's policy and the policy was prohibited from limiting coverage for assault and battery (Doc. 1-1). Taking Plaintiff's allegations as admitted as a result of Defendants' defaults, there is no dispute that Rivox's policy with Admiral contained exclusions for assault and battery (Doc. 1, ¶ 38).[2] Therefore, Plaintiff has no duty to defend Radiant, and as a result, no duty to indemnify Radiant with regard to Mr. Wimbush's claims in the underlying lawsuit. As a result, Plaintiff is entitled to entry of a default declaratory judgment.

## IV.    CONCLUSION

Accordingly, it is hereby **RECOMMENDED**:

1. Plaintiff's Motion for Final Default Judgment (Doc. 15) be GRANTED.
2. The Court direct the Clerk to enter a final default judgment for Plaintiff.
3. The Court direct the Clerk to close the case.

**IT IS SO REPORTED** in Tampa, Florida, on October 5, 2023.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE

---

[2] While normally, as set forth above, a court is limited to the Policy and the underlying complaint in determining the duty to defend, there is an exception for factual issues that would not normally be alleged in the underlying complaint. *Atl. Cas. Co.*, 2019 WL 13216295, at *5. Here, the Court finds that the language in Admiral's policy would not normally be alleged in the underlying complaint.

## NOTICE TO PARTIES

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to the proposed findings and recommendations or request an extension of time to do so. 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1. Failure of any party to timely object in accordance with the provisions of § 636(b)(1) waives that party's right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1.